UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SERGEI CHEPILKO,

                    Plaintiff,

-against-

CITY OF NEW YORK, CRISTOPHE BURTON,
RICHARD COHEN, GARSING CHAN, SAMUEL BROWN,
RONETTE BENJAMIN, and ROGER JASMIN,

                    Defendants.
------------------------------------------------------------------X

**ORDER**
**14 CV 4173 (ARR)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff Sergei Chepilko brings this pro se civil rights action under 42 U.S.C. § 1983 against the City of New York and six police officers. Plaintiff requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 2. For the reasons set forth below, plaintiff's request to proceed *in forma pauperis* is denied.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." Bankhead v. Kelly, 13-CV-04577 (NGG) (LB), 2013 U.S. Dist. LEXIS 164517, at *1 (E.D.N.Y. Nov. 14, 2013) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342-43 (1948)).[1] The statute provides that "any court in the United States *may* authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." 28 U.S.C. § 1915 (emphasis added). While "[e]ach year, [courts] permit the vast majority of persons who wish to proceed *in forma pauperis* to do so," Congress and the federal judiciary have noted that leave to proceed *in forma pauperis* can be abused since "paupers filing *pro se* petitions are not subject to the financial considerations— filing fees and attorney's fees—that deter other litigants from filing frivolous petitions." In re

---

[1] The Clerk of Court shall send plaintiff a copy of this unreported case.

1

McDonald, 489 U.S. 180, 184 (1989); see also Bankhead, 2013 U.S. Dist. LEXIS 164517, at *2 (noting that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"). Thus, "a district court not only has the authority, but also the obligation, to deny this benefit to a litigant who has a demonstrated history of filing frivolous and vexatious claims." Bankhead, 2013 U.S. Dist. LEXIS 164517, at *11 (citing In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984)); see also In re Sindram, 498 U.S. 177, 180 (1991) ("the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system").

Plaintiff has filed a number of similar claims in this and other district courts. Since 2006, plaintiff has filed eight actions including this one in this Court[2] and five actions in the Southern District of New York.[3] More than half of these actions are civil rights claims under Section 1983 in which plaintiff alleges that defendants, generally City police officers, violated his constitutional rights by using excessive force against him while he was selling and/or advertising photographs on the street. For instance, in the instant complaint plaintiff alleges that:

> Plaintiff advertised photographs. P.O. Burton stated that plaintiff was not a licensed vendor and prohibited selling photoes [sic]. Plaitiff [sic] tried to write badge number and P.O. Burton immediately handcuffed plaintiff and dragged him to the group of police officers. They kicked plaintiff's legs and refused to address plaintiff's complain [sic] for pain in the wrists.

Compl. at 4. Plaintiff alleges that as a result of defendants' actions, he suffered "injuries to the wrists as a result of tight handcuffing[,] injuries to the legs[,] infliction of severe emotional distress." Id.

---

[2] See Chepilko v. City of New York, No. 05-CV-3541 (E.D.N.Y. 2005); Chepilko v. Major, No. 06-CV-5491 (E.D.N.Y. 2006); Chepilko v. Cornell University, No. 07-CV-4088 (E.D.N.Y. 2007); Chepilko v. Merck & Co., No. 07-CV-4098 (E.D.N.Y. 2007); Chepilko v. City of Atlantic City, 09-CV-1807 (E.D.N.Y. 2009); Chepilko v. City of New York, No. 11-CV-2878 (E.D.N.Y. 2011); Chepilko v. Central Amusement Int'l, LLC, 11-CV-4273 (E.D.N.Y. 2011). Plaintiff requested and was granted leave to proceed *in forma pauperis* in each of these actions.

[3] See Chepilko v. City of New York, 07-CV-743 (S.D.N.Y. 2007); Chepilko v. Cigna Group Ins., 08-CV-4033 (S.D.N.Y. 2008); Chepilko v. City of New York, 10-CV-180 (S.D.N.Y. 2010); Chepilko v. City of New York, 10-CV-2968 (S.D.N.Y. 2010); Chepilko v. Tellabs, Inc., 13-CV-8821 (E.D.N.Y. 2013).

These allegations are similar to those raised in plaintiff's pro se complaint in Chepilko v. Major, No. 06-CV-5491:[4]

> Mr. Major madly and viciously assaulted and battered plaintiff, particularly, Mr. Major psychotically grabbed plaintiff's camera over plaintiff's hands, and attempted to damage and take away camera. After he could not pry the camera away, Mr. Major forcefully strongly pushed and throw plaintiff to the sand, proceeded to throw plaintiff to the ground and punched plaintiff's back.

Compl. at ¶ 15. Plaintiff further alleged that he "sustained severe and serious personal injury to his knees, low back, right hand, mental and emotional distress . . . " and became "long-term disable." Id. at ¶ 16. Plaintiff's action against Major proceeded to a four day jury trial which resulted in a defense verdict.[5] Plaintiff appealed. Chepilko v. Major, No. 06-CV-5491, ECF No. 209. Finding that the appeal would not be taken in good faith, this Court denied plaintiff's request to obtain trial transcripts at the government's expense pursuant to 28 U.S.C. § 1915. Id., ECF No. 211. On June 24, 2014, plaintiff's appeal was denied. Id., ECF No. 223.

Furthermore, of the five other Section 1983 actions plaintiff previously filed against the City of New York and/or employees of the City in this and the Southern District, four of the cases settled[6] and one case was dismissed on defendants' motion.[7] That a number of plaintiff's prior cases were settled by the parties does not detract from the fact that he is filing repetitive lawsuits.[8] "Few would call this pattern the effective administration of justice; it is more aptly described as a

---

[4] Plaintiff briefly obtained counsel in that action. Although his counsel filed an amended complaint, the Court references plaintiff's original, pro se complaint because it describes the claim in plaintiff's own words.

[5] At trial, the Court found, among other things, that plaintiff had "lied to the Court" regarding his medical records. Chepilko v. Major, No. 06-CV-5491 (E.D.N.Y. 2006), ECF No. 221 at 32. The Clerk of Court recently entered an order assessing costs against plaintiff in the amount of $1,014.27 due to defendants for that action. Id., entry dated July 30, 2014. It makes little sense and confounds the interest of justice to permit plaintiff to commence a new in forma pauperis action against the City while plaintiff ignores the costs assessed from his prior action against the City.

[6] See Chepilko v. City of New York, No. 05-CV-3541 (E.D.N.Y. 2005) (settled for $5,000); Chepilko v. City of New York, 07-CV-743 (S.D.N.Y. 2007) (settled for $3,000); Chepilko v. City of New York, 10-CV-180 (S.D.N.Y. 2010) (settled for $5,000); Chepilko v. City of New York, 10-CV-2968 (S.D.N.Y. 2010) (settled for $500). Thus, plaintiff has received a total of $13,500 in settlement funds from the City.

[7] See Chepilko v. City of New York, No. 11-CV-2878 (E.D.N.Y. 2011).

[8] Moreover, plaintiff is an educated man, "As I told you, I'm a doctor," Chepilko v. Major, No. 06-CV-5491, ECF No. 220 at 96, who has learned from his prior litigation. For instance, the events underlying the instant complaint allegedly happened on July 4, 2011; plaintiff filed the instant lawsuit on July 3, 2014, the very day before the expiration of the three-year statute of limitations on his claim.

successful scheme to extract nuisance settlements by a vexatious litigant." Bankhead, 2013 U.S. Dist. LEXIS 164517, at *24. The Court should not encourage a litigant to pursue such a "scheme to extract nuisance settlements" by repeatedly granting the litigant the privilege of proceeding *in forma pauperis*.

"We keep firmly in mind the fact that the benefit of § 1915 is a privilege not a right." Anderson v. Coughlin, 700 F.2d 37, 42 (2d Cir. 1982). In light of plaintiff's history of filing similar, repetitive lawsuits, plaintiff should not be granted the privilege of proceeding *in forma pauperis* in the instant action. Accordingly, although plaintiff has previously been granted leave to proceed *in forma pauperis* in this Court, plaintiff's instant request is denied to deter plaintiff from filing these repetitive lawsuits and to prevent plaintiff from abusing the judicial process. Plaintiff shall pay the $400 filing fee[9] by September 5, 2014, to proceed in this action. If plaintiff fails to pay the filing fee by September 5, 2014, this action shall be dismissed.

SO ORDERED.

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: August 15, 2014
Brooklyn, New York

---

[9] Under federal law, the fee for commencing a civil suit in a district court is $350 plus any additional fee set by the Judicial Conference of the United States. 28 U.S.C. § 1914. Effective May 1, 2013, the Judicial Conference imposed a $50 administrative fee for filing a civil action.