UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SERGEI CHEPILKO,

                Plaintiff,

        -against-

CITY OF NEW YORK, CRISTOPHER BURTON,
RICHARD COHEN, GARSING CHAN, SAMUEL
BROWN, RONETTE BENJAMIN, and ROGER
JASMIN,

                Defendants.
-------------------------------------------------------------------x

**NOT FOR PUBLICATION**

**ORDER**
14-CV-4173 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

## BACKGROUND

On November 28, 2016, United States Magistrate Judge Lois Bloom issued a report and recommendation, which recommended that this Court grant, in part, and deny, in part, Defendants' motion for summary judgment. (*See* R. & R., ECF No. 52.) Magistrate Judge Bloom also recommended that Defendants' motion to dismiss Plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) be denied. Any written objections to the report and recommendation had to be filed with the Clerk of Court within fourteen (14) days of the date of service of the report; responses to any objections were due fourteen (14) days thereafter. *See* Fed. R. Civ. P. 72(b)(2).

On January 6, 2017, Plaintiff filed an objection, challenging Magistrate Judge Bloom's recommendation that the Court dismiss his claims for false arrest; malicious prosecution; municipal liability; claims against Defendant Sergeant Cohen for verbal assault and infliction of emotional distress; and his claim against Defendant Officer Benjamin for failure to intervene. (*See*

1

Pl.'s Obj., ECF No. 55.[1]) Plaintiff attached to his two-page objections a copy of New York City Police Department Operations Order No. 32 ("Order No. 32"), which provides that "no enforcement action should be taken against street vendors of art work, street portrait artists and street photographers for hire under New York City Administrative Code Section 20-453 for failure to produce a New York City Department of Consumer Affairs General Vendors license." (*Id.* at 3.)

By order dated January 27, 2017, Defendants were granted until January 30, 2017, to respond to Plaintiff's objections to the Report and Recommendation. (*See* Jan. 27, 2017 Order.) On January 31, 2017, Defendants responded to Plaintiff's objections and affirmed that they believed Magistrate Judge Bloom's recommendation was proper. (Defs.' Mem. in Opp., ECF No. 58.) The Court reviews the portions of Magistrate Judge Bloom's report and recommendation that have been objected to under a *de novo* standard of review. *See* Fed. R. Civ. P. 72(b)(1),(3); 28 U.S.C. § 636(b)(1)(C).

## I. False Arrest Claim

Plaintiff objects to the proposed dismissal of his false arrest claim, arguing that Defendant Burton lacked probable cause. (Pl.'s Obj. at 1.) Plaintiff contends he was arrested because he lacked a vendor's license, but that such a license was not required pursuant to Order No. 32. (*Id.*) Order No. 32 exempts street photographers, among others, from any requirement to have such a license. (*Id.* at 1, 3.) Plaintiff's position demonstrates, however, that he has misunderstood Magistrate Judge Bloom's basis for recommending the dismissal of his false arrest claim. It is true that the Second Circuit has held that street photographers are not required to adhere to a street vendor license requirement in order to sell their works in public spaces. *See Bery v. City of New*

---

[1] Citations to Plaintiff's objections refer to the pagination assigned by the Court's Electronic Case Filing system ("ECF").

*York*, 97 F.3d 689, 698 (2d Cir. 1996) ("[T]he City's requirement that appellants be licensed in order to sell their artwork in public spaces constitutes an unconstitutional infringement of their First Amendment rights"). As a street vendor, however, Plaintiff does not have an unfettered right to sell his photography in public spaces. Specifically, *Bery* held that a street artist vendor may be subjected to a "content-neutral regulation" that restricts the time, place, and manner of how he exhibits and sells his art, "in order to keep the sidewalks free of congestion and to ensure free and safe public passage on the streets." *Id.* at 697. Under the Rules of the City of New York ("R.C.N.Y.") § 2-314, vendors are prohibited from selling goods or food on Surf Avenue between West 5th Street and West 20th Street, at all hours of the day, between May 1st and Labor Day. There is no dispute that Plaintiff was selling his photographs on Surf Avenue, between West 5th and 20th Streets, on July 4, 2011. (*See* Compl., at 4, ¶¶ 3.A-C, ECF No. 1 (noting Plaintiff's location on date in question, and that he "advertised photographs"); Defs.' 56.1 Statement ¶ 6, ECF No. 46). As such, it is undisputed that Plaintiff was in violation of R.C.N.Y. § 2-314 when he was advertising photographs on July 4, 2011. Plaintiff's violation of R.C.N.Y. § 2-314, which imposed time and place restrictions on when he could vend his photography, provided probable cause for his arrest. *See Wang v. City of New York*, Nos. 05-cv-4679, 05-cv-5943, 2008 WL 2600663, at *3 (S.D.N.Y. June 26, 2008) (finding arrests for disorderly conduct for plaintiffs' painting portraits of passerby "in violation of regulations prohibiting obstruction of vehicular or pedestrian traffic during restricted hours or at restricted locations" supported by probable cause); *see also Sands v. City of New York*, No. 04-cv-5275, 2006 WL 2850613, at *2 (E.D.N.Y. Oct. 3, 2006) (officers had probable cause to arrest when they witnessed plaintiff commit parking infraction and litter) (citing *O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir.1993)) (citations omitted).

Moreover, as noted in Magistrate Judge Bloom's report and recommendation, R.C.N.Y. § 2-314 is promulgated by the Street Vendor Review Panel under New York City Administrative Code ("A.C.") § 20-465.1. Any violation of a provision promulgated under § 20-465.1 may result in a penalty of a fine and/or imprisonment. A.C. § 472(e). It is undisputed that Plaintiff was selling photographs on Surf Avenue in violation of R.C.N.Y § 2-314, and refused to move when asked by police. (*See* Noble Decl. Ex. N, at 00:15-34-1:10-30, ECF No. 47-14.) This separately provides probable cause for Plaintiff's arrest. For these reasons, Plaintiff's objection to the proposed dismissal of his malicious prosecution claim is without merit. Plaintiff's claim that his arrest was without probable cause is not supported by the record currently before this Court.

**II.  Malicious Prosecution**

Plaintiff's objection to the recommended dismissal of his malicious prosecution claim argues that "defendants commenced and continued proceedings against plaintiff with malice and without probable cause, and proceedings were terminated in his favor." (Pl.'s Obj. 2.) The Court finds this objection to be without merit. Plaintiff was issued two summons for Disorderly Conduct pursuant to Public Law ("P.L.") §§ 240.20(5) and 240.20(6). (*See* Noble Decl., Ex. I, ECF No. 47-9, Ex. K, ECF No. 47-11.) With respect to the summons alleging a violation of P.L. § 240.20(5), Plaintiff accepted an adjournment in contemplation of dismissal with respect to this charge on October 24, 2011. (*See* Noble Decl., Ex. J, ECF No. 47-10.) The second charge was also dismissed that same day. (*See id.* at Ex. L, ECF No. 47-12.) "Under New York law, '[t]he elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice.'" *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 82 (N.Y. 1983)). Plaintiff's malicious prosecution claim fails for two reasons. *First*, because the

Court has established the existence of probable cause for Plaintiff's arrest. *Second*, there is no evidence in the record that the prosecution terminated in Plaintiff's favor. With respect to one of the charges, Plaintiff accepted an adjournment in contemplation of dismissal ("ACD"), which is not considered to be a termination in favor of a plaintiff. *See Lozada v. City of New York*, No. 12-cv-0038, 2013 WL 3934998, at *6 (E.D.N.Y. July 29, 2013) (granting motion to dismiss malicious prosecution claim where plaintiff accepted an adjournment in contemplation of dismissal). There is no evidence that the second Disorderly Conduct charge, which was based on the same set of facts, terminated in Plaintiff's favor, as it was dismissed on the same day that Plaintiff accepted an ACD on the first Disorderly Conduct charge. (*See* Noble Decl., Ex. L.)

### III.     Claims against Defendant Cohen and Municipal Liability Claims

Plaintiff's objection as to these portions of the report and recommendation merely recites the purported bases for his claim. (Pl.'s Obj. 2.) This is insufficient to preserve a claim for review by this Court. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)"); *Rothenberger v. N.Y.C. Police Dep't*, No. 06-cv-868, 2008 WL 2435563, at *1 (E.D.N.Y. June 16, 2008) (rejecting pro se plaintiff's basis for objection, in part, because it was "little more than a list of documents and facts that he believe[d] the court should have considered in arriving at its findings," but contained no reasoning in support of his arguments).

### IV.     Failure to Intervene

Plaintiff has failed to raise a valid objection with respect to his failure to intervene claim against Defendant Benjamin. Magistrate Judge Bloom recommended dismissal of this claim because record evidence demonstrates that Officer Benjamin was without a realistic opportunity

5

to intervene to prevent the alleged deprivation of Plaintiff's constitutional rights. *See Elufe v. Aylward*, No. 09-cv-458, 2011 WL 477685, at *9 (E.D.N.Y. Feb. 4, 2011) ("Where the alleged force consists of a single push or a 'rapid succession' of blows, courts have found that the officer did not have a realistic opportunity to intervene." (quoting *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988))). Plaintiff asserts that Defendant Benjamin had time to intervene, but has failed to point to evidence in the record that would support his argument; nor has the Court located any such evidence. Nor has Plaintiff raised any specific objections to the findings in the report and recommendation. *See* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations."); *see also Rothenberger*, 2008 WL 2435563, at *1 (finding "Plaintiff's objections fail to address any of the findings of undisputed fact that support Magistrate Judge Bloom's recommendation"). Further, to the extent Plaintiff raises a claim that Officer Benjamin subjected him to excessive force, it appears that these allegations were raised for the first time in Plaintiff's objections. (*See* Compl.; Noble Decl. Ex. F, at 13:3-6, ECF No. 47-6 (explaining that Defendant Benjamin was a "witness" who "failed to intervene").) The Court declines to address these allegations as they are not properly before the Court. *See Green v. City of New York*, No. 05-cv-429, 2010 WL 148128, at *4 (E.D.N.Y. Jan. 14, 2010) (new claims were not properly raised in objections to a magistrate judge's report and recommendation).

V. **Injunction on Filing Subsequent Lawsuits**

While the Court is particularly troubled that Plaintiff has failed to pay costs as previously ordered by this Court in *Chepilko v. Major*, No. 06-cv-5491 (E.D.N.Y. 2006), the Court declines to adopt this portion of the Report and Recommendation. The Court does not find that the proposed injunction is sufficiently narrowly tailored. *See Safir v. U.S. Airlines*, 792 F.2d 19, 25 (2d Cir. 1986) (injunction precluding a litigant from "instituting any action whatsoever" was "overly

broad"). The Court strongly encourages Defendants to pursue the appropriate means to recover any amounts owed to them.

## CONCLUSION

No other objections have been filed to the report and recommendation. As to the remaining portions of the report and recommendation, "the district court need only satisfy itself that there is no clear error on the face of the record." *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001)) (internal quotation marks and citations omitted). The Court has reviewed the remaining portions of the report and recommendation for clear error. Having found no such error, the Court hereby adopts Magistrate Judge Bloom's report and recommendation as the opinion of this Court, except declines to adopt the recommendation to impose a filing injunction against Plaintiff. Accordingly, Defendants' motion for summary judgment is granted, in part, and denied, in part. Defendants' motion is denied with respect to Plaintiff's excessive force claims under 42 U.S.C. § 1983 against Defendants Burton, Brown, and Chan. Defendants' motion should be granted on all other claims.

Dated: March 31, 2017
       Brooklyn, New York

                                        SO ORDERED:

                                          /s/ LDH
                                        LaSHANN DeARCY HALL
                                        United States District Judge